IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BORIS M. PETROV, | : | CIVIL ACTION NO. **1:CV-11-00357** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JEROME W. WALSH, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On February 24, 2011, the Petitioner, Boris M. Petrov ("Petitioner"), an inmate at SCI Dallas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  (Doc. 1).[1]  The Petitioner, proceeding *pro se*, challenges his March 21, 2007 conviction for various drug charges, as well as criminal conspiracy, corruption of minors, and endangering the welfare of children in the Luzerne County Court of Common Pleas ("CCP").  (Doc. 1).  On March 10, 2011, Petitioner paid the filing fee.  (Doc. 4).

On March 13, 2011, we sent Petitioner a Notice of Election in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and advised Petitioner that he could have his habeas petition ruled on as filed, but if he chose that option he may lose his ability to file a second or successive petition(s) absent certification by the Court of Appeals, or withdraw his habeas petition and file one, all-inclusive § 2254 petition within

---

[1]Since Petitioner was convicted in Luzerne County, Pennsylvania, which is located in the Middle District of Pennsylvania (Doc. 1), jurisdiction is proper in this Court. *See Reinhold v. Rozum*, 2007 WL 4248273, * 1 (M.D. Pa. 2007).

the one-year statute of limitations period prescribed by the Antiterrorism Effective Death Penalty Act of 1996. (Doc. 6). On March 21, 2011, Petitioner filed his Notice of Election and chose to have the Court rule on his habeas petition as filed. (Doc. 9).

On March 14, 2011, we issued a Show Cause Order and directed the Clerk of Court to forthwith serve a copy of Petitioner's Habeas Petition (Doc. 1), together with this Order, by certified mail on the Attorney General of the Commonwealth of Pennsylvania, Superintendent Jerome W. Walsh[2], and the District Attorney of Luzerne County, Pennsylvania. (Doc. 7). We also directed Respondents, within twenty (20) days of the date of this Order, to respond to Petitioner's Petition for Writ of Habeas Corpus in the manner required by Rule 5, 28 U.S.C.A. foll. § 2254. We further directed the Clerk to note the address of the District Attorney of Luzerne County, Pennsylvania, on the docket in this case and, directed that all documents filed by the parties and by the Court shall be served upon the District Attorney.

On April 8, 2011, Respondents filed a Motion to have their Response to Petitioner's Habeas Petition essentially filed *nunc pro tunc* as timely, and the Court granted the Motion on April 13, 2011. (Docs. 10 and 11).

On May 2, 2011, after being granted an extension of time, Respondents filed their Response to the habeas petition. (Doc. 12).

---

[2] At the time Petitioner filed his Habeas Petition, he was incarcerated in the Lackawanna County Correctional Facility, however, Petitioner is now incarcerated at SCI Dallas. (*See* Docket). For purposes of Petitioner's Habeas Petition, Petitioner correctly named Jerome W. Walsh, Superintendent of SCI Dallas as Respondent anticipating his return to serve his sentence at SCI Dallas. (*Id.*).

On May 11, 2011, Petitioner filed a one-paragraph Motion for Appointment of Counsel with a copy of a May 9, 2011 letter Petitioner wrote to the FBI attached to same. (Doc. 13).[3]

On May 13, 2011, the Court denied the Petitioner's Motion for Appointment of Counsel and further granted Petitioner's request for additional time to file his Traverse by May 31, 2011. (Doc. 14). Thereafter, Petitioner filed his Traverse, on June 2, 2011. (Doc. 16). The Court then directed Respondent to file Petitioner's relevant state court records and Respondent did so on June 6, 2011. (Doc. 17).

Petitioner's habeas petition is ripe for disposition.[4]

For the reasons set forth below, we shall recommend that Petitioner Petrov's Petition for Habeas Corpus (Doc. 1) be denied.

## II. State Procedural Background.

On February 10, 2011, the Superior Court of Pennsylvania summarized Petitioner's state court factual background (Doc. 17-7, pp. 1-2) as the following:

> The charges against appellant [Petitioner] arose on July 26, 2005, when police discovered that appellant had taken over an abandoned house in Plymouth Borough, together with his teen-age son and 76-year-old mother-in-law. Police

---

[3]In his May 9, 2011 letter Petitioner wrote to the FBI, he stated that former Luzerne County Judge Michael Toole denied his suppression motion in January 2006 even though police violated his Fourth Amendment rights, and that Toole "was already a corrupt Judge" and "made his decisions not according to justice." Petitioner also stated that "[d]ue to Judge M. Toole's incompetence and criminal past, his verdict in my case cannot be valid and must be reconsidered." (Doc. 13, p. 2).

[4]The undersigned has been assigned this case for issuance of a Report and Recommendation.

discovered appellant in the basement tending live marijuana plants. Appellant's mother-in-law was found in an upstairs room processing and packaging marijuana.

The Superior Court (Doc. 17-3, pp. 4-5) noted on June 4, 2008:

Appellant, on December 19, 2006, filed a motion to suppress the evidence seized during execution of the search warrant, arguing that the officers' initial entry into the residence, prior to securing the warrant, was unlawful and without probable cause. The learned Judge Michael T. Toole conducted a suppression hearing on January 17, 2007, at the conclusion of which he denied appellant's motion.

Following a three day trial before the distinguished Judge Peter Paul Olszewski Jr., a jury, on March 21, 2007, found appellant guilty of possession with intent to deliver marijuana, manufacture of marijuana, possession of drug paraphernalia, corruption of a minor, endangering the welfare of a child, criminal conspiracy, and possession of marijuana. (footnotes omitted). The jury also found Gurinovich guilty of all the drug related offenses. That same day, appellant filed a post trial motion seeking judgement of acquittal, which the trial court denied at the time of sentencing. On April 30, 2007, the trial court [[...]sentenc[ed the] appellant [...]]. [T]he aggregate term of imprisonment imposed on appellant was from 100 months to 144 months.

The Superior Court (Doc. 17-7, pp. 1-2) noted on February 10, 2011:

Appellant filed a timely direct appeal, and on June 4, 2008 this court affirmed the judgement of sentence. Commonwealth v. Petrov, 959 A.2d 466 (Pa Super. 2008) (unpublished memorandum).

On October 16, 2008, appellant filed [a] PCRA petition. Counsel was appointed, a brief and supplemental petition were filed, and a hearing was held on July 16, 2009. As noted, the PCRA court denied relief on that same day. Appellant [...] timely appeal[ed].

Appellant raise[d] one issue on appeal, pertaining to ineffective assistance of counsel. Therein, appellant, who is Russian,

4

> complains that trial counsel had been ineffective in allowing a suppression hearing to proceed without the provision of a Russian interpreter so that appellant could comprehend the proceedings.

On December 3, 2008, Petitioner filed a Supplemental PCRA Petition.  Respondents filed responses on November 17, 2008 and June 1, 2009, respectively.  Following a hearing, the CCP denied Petitioner's PCRA Petition on July 16, 2009.

On May 17, 2010, CCP Judge Gartley denied Petitioner's appeal, finding no merit in Petitioner's argument that he did not understand English sufficiently to understand the nature of the Suppression Hearing. (Doc 17-5).

Petitioner subsequently filed an appeal on August 14, 2010,  to the Superior Court.  The Superior Court addressed the only issue Petitioner raised on appeal, ineffective assistance of counsel,  and affirmed on February 10, 2011. (Doc. 17-7).

Petitioner then filed the instant §2254 habeas petition on February 24, 2011.  (Doc. 1).

**III.  Habeas Claims.**

In his habeas petition (Doc. 1, pp. 6-12), Petitioner raised the following claims:

> Ground (1): the Suppression Court erred in denying Petitioner's Motion to suppress in that "entry into the petitioner's house was not pursuant to any lawful search warrant or any exception to the warrant requirement and the search warrant which was subsequently obtained and executed was the fruit of the initial unlawful police conduct";
>
> Ground (2): Ineffective assistance of counsel for failure to provide a fluent Russian interpreter in that "Petitioner was not granted an interpreter that spoke fluent Russian";
>
> Ground (3): Sentence imposed by Trial Court is illegal in that "100 month minimum is greater than the maximum minimum allowed to the 144 month maximum";

Ground (4): Petitioner is Recidivism Risk Reduction Incentive ("RRRI") eligible and sentences should have been joined in that "Defendant is RRRI eligible and his sentences should have been run concurrently since the crime Defendant was found guilty was one criminal act/conduct".

## IV. Standard of Review.

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2254.  A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts.  The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.  *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); *see*

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010).   A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*).   A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps.   First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888  (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)).   Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established,"  the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule.  *Id*. at 889.   Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**V. Discussion.**

    *1. Fourth Amendment claims*

    Petitioner first claims that the Suppression Court erred in denying his  Motion to Suppress in that "entry into the  petitioner's house was not pursuant to any lawful search warrant or any exception to the warrant requirement and the search warrant which was subsequently obtained and executed was the fruit of the initial unlawful police conduct". (Doc. 1, p. 6).   Respondent argues that Petitioner's first claim is not cognizable on habeas corpus review.  Specifically, Respondent states:

> The petitioner had a full and fair opportunity to litigate this claim.  The suppression court conducted a full and thorough hearing on this issue, and the Superior Court accurately and carefully reviewed that decision.  There was no structural or procedural problem preventing review.   Under these circumstances, the Petitioner cannot obtain review of this claim in a habeas corpus proceeding.

(Doc. 12, p. 6).

    Petitioner's claims in his habeas petition, to the extent they seek relief under the Fourth Amendment, may be barred based on *Stone v. Powell*, 428 U.S. 465 (1976).[5]  The United States Supreme Court held in *Stone*, "[w]here the State has  provided an opportunity

---

[5]Petitioner's CCP Docket Sheet indicates that Petitioner filed a Motion to Suppress on December 19, 2006, that the Commonwealth filed its Answer to Petitioner's Motion to Suppress the Evidence on January 5, 2007, and that the Court held a hearing on January 17, 2006.  CCP Judge Olszewski  issued a Memorandum regarding Petitioner's appeal of the Suppression hearing held on January 17, 2006, by Judge Toole agreeing with Judge Toole's findings.  At the hearing, Judge Toole concluded in favor of the Commonwealth. (See Doc 17-1, p. 26). Petitioner subsequently had a jury trial in which he was found guilty on March 21, 2007. Thus, if Petitioner had a full and fair opportunity to litigate his instant Fourth Amendment habeas claims in the CCP, he is barred by *Stone* from raising them in a habeas petition.

for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. *See also McCullough v. Coleman*, 2009 WL 530354 (M.D. Pa.); *Carl v. Good*, 2007 WL 4198417, *5 (M.D. Pa.); *Simmons v. Barone*, 2010 WL 2766722 (M.D. Pa.). As the *Carl* Court pointed out, "[e]ven otherwise potentially meritorious Fourth Amendment claims are barred on habeas [review] when Petitioner had a full and fair opportunity to litigate them." *Carl*, 2007 WL 4198417, *5 (citing *Deputy v. Taylor*, 19 F. 3d 1485, 1491 (3d Cir. 1994).

As noted, if Petitioner raised his present Fourth Amendment claims in the CCP and they were subject to a hearing by the CCP regarding the suppression of evidence, he is barred by *Stone* from raising them in a habeas petition.

We agree with Respondent, based on the record (Doc. 17) discussed above,  that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the CCP.

*2. Ineffective Assistance of Counsel Claim*

Regarding Petitioner's second claim of ineffective assistance of counsel for failing to provide a  fluent Russian interpreter, Respondent argues:

> The state courts properly denied the Petitioner's claim of ineffective assistance, as the Petitioner speaks English and there was no reason for counsel to request an interpreter.  The PCRA court, after observing the Petitioner in person, found as a fact that he was able to understand English.  The Superior Court agreed, and noted various points in the record indicating the Petitioner's ability to speak and understand English, as well as his own assurance to the court that he understood the proceedings.

> [...] The Petitioner has presented this Court with no basis for disagreeing with the state court's factual findings that the Petitioner spoke and understood the English language well enough that he did not require an interpreter; that finding is therefore binding in this proceeding.    Therefore, because the Petitioner speaks and understands English, counsel cannot be found ineffective for failing to obtain an interpreter.

(Doc. 12, p. 9).

The Superior Court of Pennsylvania, in its February 10, 2011 decision affirming the trial court's dismissal of Petitioner's PCRA Petition, stated the Pennsylvania standard for establishing an ineffective assistance of counsel claim:

> [...][A]ppellant is required to make the following showing in order to succeed with [a claim in terms of ineffective assistance of counsel]: (1) that the underlying cliam is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312 724 A.2d 326, 333 (1999).  The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008).  Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa.Super. 2003).

(Doc. 17-7, pp. 2-3).

The Superior Court of Pennsylvania found that Petitioner's contention of ineffective assistance of counsel claim was without merit as the issue was raised at the suppression hearing (*Id*.).  Specifically, the Superior Court noted:

> We find no underlying merit to appellant's claim.  The issue of an interpreter was raised at the suppression hearing.    Appellant

repeatedly assured the court that he was able to understand the proceedings, and the court repeatedly offered to continue the hearing so that an interpreter could be obtained. (Notes of testimony, 1/17/06 at 7-11). Appellant's counsel states his belief that appellant was able to understand the proceedings. (Id. at 5-6).

Furthermore, at each instance appellant was asked a question at the suppression hearing, appellant gave an appropriate response in English, which was often not limited to a simple yes or no, but often included several sentences. (Id. at 8). We also note that appellant spoke in English during his allocution before sentencing. (Notes of testimony, 4/30/07 at 9).

The documentary record of this case also contains some revealing items. At Record Document No. 26, there appears a fifty-some page *pro se* petition for writ of habeas corpus, all in English and signed by appellant. At Record Document No. 29, there is a handwritten letter to the Luzerne County Clerk of Court, all in English and signed by appellant. Appellant signs his name with a distinctive "P" and that same distinctive P appears elsewhere in the text of the letter. At Record Document No. 30, there is the *pro se* PCRA petition currently under review, all in English and signed by appellant. Last, at Record Document No. 46, there is a supplemental *pro se* PCRA petition, which was filed during the pendency of this appeal, all in English and signed by the appellant

[...] In sum, we find that the record is replete with evidence that appellant does, indeed, understand English. Therefore, counsel was not ineffective in not ensuring that appellant had an interpreter present at his suppression hearing. Accordingly, we will affirm the order below.

(Doc. 17-7, pp. 3-5).

We do not find that there was deviation from the established precedent, *i.e.* *Strickland v. Washington,* 466 U.S. 668 (1984), with respect to the state court's substantive adjudication of Petitioner's ineffective assistance of trial counsel claims.

11

A claim of ineffective assistance is governed by the two-prong test set forth by the Supreme Court in *Strickland*:   "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland*, 266 U.S. at 687, 104 S.Ct. At 2052).   The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. (*Id.)* In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id.* at 686.   The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. (*Id*.).   It is well established that counsel cannot be ineffective for failing to raise a meritless claim.  *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The Court in  *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000).  In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance."

*United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687. In *Peroza-Benitez v. Lawler*, 2011 WL 744762 , *3-*4, the Court stated:

> Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
>
> *Harrington v. Richter,* --- U.S., ----, ---- - ----, 131 S.Ct., 770, 777-78, --- L.Ed.2d, ----, ---- - ---- (2011) (citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

> In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the

13

deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

> "Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.,* the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland."*

*Grant,* 2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

> Furthermore, the Superior Court of Pennsylvania stated:

> At the PCRA hearing, appellant was supplied with a Russian translator. At one point, appellant answered a long question by the assistant district attorney in English without waiting for the question to be translated. (Notes of testimony, 7/16/09 at 39-40.)  At another point, appellant corrected the interpreter in English. (Id. at 42.)  We also note that appellant admitted at the PCRA hearing that he has been living in the United States for almost 30 years. (Id. at 39.).

> Finally, the PCRA court made a direct, on-the-record finding that appellant's PCRA testimony was not credible. (Id. at 54.)  Appellant testified at the PCRA hearing that he was able to make responses at the suppression hearing because he was getting signals from counsel.  The PCRA court judge, who had also presided at the suppression hearing, stated on the record that he had witnessed no such prompting.

> In sum, we find that the record is replete with evidence that appellant does, indeed, understand English.  Therefore, counsel was not ineffective in not ensuring that appellant had an interpreter present at his suppression hearing.  Accordingly, we will affirm the order below.

(Doc. 17-7, pp. 3-5).

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claim under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

We find that Petitioner is not entitled to habeas relief under subsection (d)(2) since the state court's decision with respect to his ineffective trial counsel claim, as detailed above, was "reasonable both in [its] application of federal law and in [their] determination of factual issues." *Breighner*, 301 F.Supp. 2d at 369.  As a result, Petitioner has failed to establish that his trial counsel was ineffective and therefore, we agree with Respondent DA and find that Petitioner's habeas claim on this ground is without merit.

*3. Illegal Claim Sentence Claim*

Petitioner, in his third habeas claim, argues that the sentence imposed by trial court is illegal.  Specifically, Petitioner argues the "100 month minimum is greater than the maximum minimum allowed due to the 144 month maximum." (Doc. 1, p.9).  As the Superior Court of Pennsylvania stated when it addressed Petitioner's improper sentence claim on appeal:

> [...] [appellant was found] guilty of possession with intent to deliver marijuana, manufacture of marijuana, possession of drug paraphernalia, corruption of a minor, endangering the welfare of a child, criminal conspiracy, and possession of marijuana. [...] On April 30, 2007, the trial court imposed the following sentence upon appellant:

Count 1: possession with intent to deliver marijuana - a mandatory term of five years imprisonment;
Count 2: manufacture of marijuana - a mandatory term of five years imprisonment to run concurrent with Count 1;
Count 3: possession of drug paraphernalia - 4 months to 12 months imprisonment to run consecutive to Count 1;
Count 4: corruption of a minor - 12 months to 24 months imprisonment to run consecutive to Count 3;
Count 5: endangering the welfare of a child - 12 months to 24 months imprisonment to run concurrent with Count 4;
Count 6: criminal conspiracy - 24 months to 48 months imprisonment to run consecutive to Count 1;
Count 7: possession of marijuana - no further sentence imposed
Thus, the aggregate term of imprisonment imposed on appellant was from 100 months to 144 months.

(Doc. 17-3, pp 4-5).

In Petitioner's appellate brief to the Superior Court, Petitioner argued that his sentence was improper and relied on the denial of his pretrial motion to suppress evidence. Specifically, Petitioner argued that the initial, warrantless police entry into his home was not undertaken pursuant to any exception to the warrant requirement. (Doc. 17-1; Doc. 17-3, p. 6). However, in his habeas petition Petitioner argues that the sentence exceeds the maximum minimum. (Doc. 1, p. 9). Further, Petitioner did not address this issue in his Traverse filed on June 2, 2011. (Doc 16).

In the instant matter, Respondent asserts that the Petitioner's third habeas claim has not been exhausted in the state courts and does not present a federal question. (Doc. 12, p. 9). Specifically, Respondent claims that Petitioner's failure to preserve the claim in the state courts prevents this Court from reviewing the claim, and further that the Petitioner presents no reason for this Court to excuse his failure to exhaust the claim. (*Id*.).

As the Superior Court noted:

> It is axiomatic that a warrantless search of a home is "presumptively unreasonable," absent probable cause and exigent circumstances. *Commonwealth v. Roland*, 535 Pa. 595, 599, 637 A.2d, 270 (1994).
>
> When we examine a particular situation to determine if probable cause exists, we consider the totality of the circumstances, and do not concentrate on each individual element.   "[We also] focus on the circumstances as seen through the eye of the trained police officer, taking into consideration that probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act."
> *Commonwealth v. Santiago*, 736 A.2d 624, 630 (Pa.Super. 1999), appeal denied, 561 Pa. 674, 749 A.2d 470 (2000) (citations omitted).  Further, among the factors that we consider in determining whether a police officer was faced with exigent circumstances to justify a warrantless search are:
>
> > (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night.
>
> *Roland*, supra, 535 Pa. At 599, 637 A.2d at 270-271 (citation omitted).
>
> Here, the suppression court judge, rather than making detailed findings of fact, concluded that the "entire testimony of both Officers Williams and Gorey [was] credible." N.T., January 17, 2007, pp. 95-96.  Accordingly, the judge found that, based on the officers' experience and the totality of the circumstances, the officers "did, in fact, possess appropriate cause, circumstance, and justification to make such a warrantless search of the premises." Id., p. 96.  Judge Olszewski, in the opinion he filed in response to this appeal, elaborated on the circumstances facing the officers at the time of the initial search:
>
> [T]hose circumstances include – a telephone call from a concerned citizen – [formerly] a Borough police officer and at the time of the suppression hearing employed by the Public Defender's Officer of Luzerne County - expressing concern that the door to an apparently vacant home was open;

an appliance pulled from the wall; a toilet removed from its foundation; the windows of the structure closed on a warm day in the middle o the summer; and the officers' reasonable conclusion that someone may be committing a crime inside the structure or in need of assistance.

Trial Court Opinion, August 7, 2007, p. 2.  Moreover, Officer Williams testified (1) that he knew at that time that the owner of the house had moved, (2) that he patrolled the area "heavily," (3) that he "had always noticed that the residence was secure," and (4) that he knew the open door was "out of the ordinary."  N.T., January 17, 2007, pp. 46-47. Officer Williams also explained that the police had had problems in the area with persons breaking into residences to loot, cause damage to property, or loiter. [footnote omitted].  Id., p. 22.  On this record, we must agree with the conclusion of the trial court that the totality of the circumstances, as viewed through the eyes of experienced police officers, provided probable cause to believe that criminal activity was afoot, or that a person was in need of assistance, thereby justifying further investigation.

However, to justify a warrantless search of a residence, the Commonwealth must demonstrate both probable cause and exigent circumstances.  Here, the officers entered an open door of an apparently abandoned building with reason to believe that someone, without authorization, was in the property.  The officers made a peaceable entry through an open door at 4:00 in the afternoon, after first knocking and announcing their presence.  While they had no concrete evidence that a known suspect was in the house, they had sufficient evidence to investigate the circumstances.   See: N.T., January 17, 2006, p. 96 (suppression court finding that it would have been "a complete dereliction of [the officers'] duty ...to serve and protect the pubic, if they had not taken such action.").  Upon that legitimate investigation, the police were in a position to observe illegal activity, at which point they obtained a search warrant.  Under these circumstances, we have no basis to disturb the decision of the suppression court.  (Footnote omitted).  Accordingly, since we conclude that the suppression court did not err in denying appellant's motion to suppress evidence [footnote omitted], we affirm the judgment of sentence.

(Doc. 17-3, pp. 6-10).

As the Court stated in *Randall v. Wilson*, 2006 WL 3196539 (W.D. Pa.):

> A state prisoner may be granted federal habeas corpus relief only if he demonstrates that he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982); *Geschwendt v. Ryan*, 967 F.2d 877 (3d Cir. 1992); *Zettlemoyer v. Fulcomer*, 923 F.2d 284 (3d Cir. 1991). A federal habeas court does not sit to retry state cases *de novo* but examines the proceedings in the state court to determine if there has been a violation of federal constitutional standards. *Barefoot v. Estelle*, 463 U.S. 880 (1983); *Milton v. Wainwright*, 407 U.S. 371 (1972). Mere violations of state law or procedural rules cannot provide the basis for federal habeas relief absent a deprivation of constitutional magnitude. *Engle v. Issac*, 456 U.S. 107 (1982); *Wells v. Petsock*, 941 F.2d 253 (3d Cir. 1991).
>
> Generally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus. *Wooten v. Bomar*, 361 U.S. 888 (1959). Where a sentence imposed is within the limits set by the law its severity is not grounds for relief under federal habeas corpus. As such, a federal court will not review a state sentencing determination that falls within statutory limit. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994); *Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).
>
> Consequently, a criminal sentence cannot be attacked in a habeas corpus proceeding unless the sentencing court lacked jurisdiction to impose it or committed a constitutional error that made the sentence or underlying conviction fundamentally unfair. *United States v. Addonizio*, 442 U.S. 178, 186 (1979); *Bean v. United States*, 679 F.2d 683 (7th Cir. 1982). A sentence violates the Constitution only when it is extreme and "grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991).

In the present case, based on the record (Doc. 17), we do not find that the sentencing court lacked jurisdiction to impose Petitioner's sentence or committed a constitutional error that made Petitioner's sentence or underlying conviction fundamentally

unfair.

Further, Petitioner's third habeas claim has not been exhausted. (Doc 17-1).[6]  The

Superior Court noted:

> Appellant's sole contention on appeal focuses on the denial of his pretrial motion to suppress evidence.  Specifically, appellant argues that the initial, warrantless police entry into the residence at 247 East Main Street was not undertaken pursuant to any exception to the warrant requirement.

(Doc 17-3, p. 6).

Notably, in Petitioner's brief appealing from the denial of his PCRA Petition, Petitioner's

only question presented was an ineffective assistance of counsel claim.

We find that Petitioner's § 2254 Habeas Petition, with respect to his third claim, should

be dismissed without prejudice to re-file it after Petitioner exhausts his state court remedies.

Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court shall not be granted unless it

appears that – (A) the applicant has exhausted the remedies available in the courts of the

State."  "An applicant shall not be deemed to have exhausted the remedies available in the

court of the State, within the meaning of this section, if he has the right under the law of the

state to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

As the Court stated in *Bentley v. Tennis*, 2007 U.S. Dist. LEXIS 88174, 5-6 (M.D. Pa.

Nov. 30, 2007):

---

[6]In Petitioner's direct appeal to the PA Superior Court of his April 30, 2007 judgment of sentence, the only question presented was whether the Suppression Court erred in denying Petitioner's motion to suppress the police entry into Petitioner's home. *See* Doc. 17-1.

> "The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Conner*, 404 U.S. 270, 274 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d. Cir. 1991)."

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court adopted what it termed a "total exhaustion rule" to accommodate the various interests in situations such as this where a Petition contains an exhausted claim with several unexhausted claims. This type of petition has been deemed a "mixed Petition" and is subject to dismissal. Speaking through Justice O'Conner, the Court said:

> "...our interpretation of Section 2254 (b) provides a simple and clear instruction to potential Litigants: before you bring any claims to Federal Court, be sure that you first have taken each one to State Court...
>
> Rather than increasing the burden on the Federal Courts, strict enforcement of the exhaustion requirement will encourage habeas Petitioners to exhaust all their claims in State court and to present the Federal Court with a single habeas petition. To the extent that the exhaustion requirement reduces piecemeal litigation, both the Courts and the prisoners should benefit, for as a result the District Court will be likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review."

*Rose*, 455 U.S. at 520.

The Third Circuit has subsequently followed the United States Supreme Court's holding in *Rose* and has consistently dismissed mixed habeas petitions. *See Lambert v. Blackwell*, 134 F.3d 506 (3d. Cir. 1997). *See also Doctor v. Walters*, 96 F.3d 675 (3d. Cir. 1996).

Based on this Court's decisions in *Barnhart v. Kyler*, 318 F.Supp. 2d 250, 256-57 (M.D. Pa. 2004), we find that exhaustion has not been completed in this case with respect to Petitioner's illegal sentence claim  and that exhaustion is not futile.  We find that Petitioner must first exhaust his available state court remedies with respect to his claim challenging his April 30, 2007 Luzerne County sentencing before he seeks habeas relief from this Court.

### 4. Sentences Should Have Been Joined

In Petitioner's final claim in his habeas petition, he argues that  his sentences should have been joined and he should have been found eligible for Pennsylvania's Recidivism Risk Reduction Incentive ("RRRI") Program under 61 Pa.C.S. 4501-4512.  Specifically, Petitioner argues:

> Defendant is RRRI eligible and his sentences should have been run concurrently since the crime defendant was found guilty [of] was one criminal act/conduct.

(Doc. 1, p. 10).

Respondent argues:

> As with the claim raised in Part III above, the Petitioner attempts to raise claims that involve only state-law issues and that were never presented to Pennsylvania's appellate courts.  He therefore has not exhausted these claims, and presents arguments that are not reviewable in a habeas corpus court.  This Court should therefore deny review of these claims.

(Doc. 12, p. 11).

We agree with Respondent.  Again, as noted above, we find that Petitioner must first exhaust his available state court remedies with respect to his claim challenging his April 30, 2007 Luzerne County sentencing before he seeks habeas relief from this Court.

Further, we find that the CCP and the state appellate courts should first be given the opportunity to resolve the Petitioner's issues regarding his drug-related  sentence.  We also find that the instant habeas petition should be dismissed without prejudice regarding Petitioner's illegal sentence claim.  Since the state courts have not yet had an opportunity to address the merits of Petitioner's claim attacking his sentence, his present habeas petition should be dismissed without prejudice, to the extent it raises a cognizable claim, to re-file it after he exhausts his state court remedies.

Moreover, Petitioner's above stated habeas claims attacking his sentence, in part, do not even state cognizable habeas claims, such as the sentence exceeding the minimum maximum, RRRI eligibility, and joining of his sentences.  *See Lewis v. Wilson*, 748 F.Supp. 2d 409, 416 (E.D. Pa. 2010)("claims based upon state law are not cognizable" in a §2254 habeas petition)(citation omitted).  Further, claims based on alleged state court errors are not appropriate grounds for granting habeas relief.  *Id*.  *See also Peppers v. Warden, FCI-Gilmer*, 2009 WL 6093441, *7 (E.D. Pa. 6-2-09)(federal habeas review "is limited to determining whether a conviction violated federal law.").  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Id*. (citation omitted).  "Thus, unless a deprivation of rights under state law arises to a federal due process violation, it is not cognizable on federal habeas review."  *Id*.

In *Myers*, the Court stated:

> A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism
> for a state prisoner to challenge the "fact or duration" of his confinement.
> *Preiser v. Rodriguez,* 411 U.S. 475, 498-499, 93 S.Ct. 1827, 36 L.Ed.2d
> 439 (1973). "[I]t is not the province of a federal habeas court to reexamine
> state-court determinations on state-law questions ." *Estelle v. McGuire,*
> 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal
> habeas review is restricted to claims based "on the ground that
> [petitioner] is in custody in violation of the Constitution or laws or treaties
> of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-8; *see
> also Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984);
> *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir.1997).

2010 WL 1838178, *3.

The *Myers* Court also stated:

> Title 28 U.S.C. § 2254 provides that "a district court shall entertain an
> application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of the United
> States." 28 U.S.C. § 2254(a). A federal court's habeas power is " 'limited
> ... to a determination of whether there has been an improper detention by
> virtue of the state court judgment.' " *Hassine v. Zimmerman,* 160 F.3d 941,
> 954 (3d Cir.1998) (quoting *Henderson v. Frank,* 155 F.3d 159, 168
> (3d Cir.1998)). "Thus, the federal role in reviewing an application for
> habeas corpus is limited to evaluating what occurred in the state
> or federal proceedings that actually led to the petitioner's conviction ... . *Id.*

2010 WL 1838178, *7.

In *Mitchell v. Pitkins*, 2010 WL 1837833, *2 (E.D. Pa. 4-14-10), the Court stated:

> The habeas statute provides that a federal court cannot entertain a habeas
> petition on any grounds other than that the petitioner is "in custody in violation
> of the Constitution or laws or treaties of the United States." 28 U.S.C.
> § 2254(a). Accordingly, the United States Supreme Court has held that federal
> courts cannot grant habeas relief based on violations of state law. *Estelle
> v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
> Rather, in evaluating the alleged grounds for relief in a habeas corpus
> petition, the court is limited to federal bases for relief. *Id.* at 68. Moreover,

the Third Circuit has indicated that alleged violations of a state constitution are not cognizable in a federal habeas petition. *Reinert v. Larkins,* 379 F.3d 76, 94 n. 4 (3d Cir.2004).

Further, in *Baenig v. Patrick*, 2009 WL 2407819, *4 (M.D. Pa. August 3, 2009), the

Court stated:

> Petitioner's contention that the sentencing court "abused its discretion" by imposing a total term of imprisonment of 225 years is a claim that does not implicate the laws or the Constitution of the United States. Rather, petitioner simply alleges that the sentencing court was unreasonable in its application of state law. Allegations that a state tribunal abused its discretion under state law, however, do not subsume a federal constitutional question. In fact, habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated. *See Estelle,* 502 U.S. at 67-68 (explaining that federal habeas courts are not permitted to review questions of state law); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) (same); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (indicating that questions of state substantive law are not cognizable on federal habeas review); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (stating that when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief"); *see also Jones v. Superintendent of Rahway State Prison,* 725 F.2d 40, 42-43 (3d Cir.1984court's sentencing discretion was not cognizable in federal habeas petition); *Smith v. Kerestes,* Civ. A. No. 08-0061, 2009 WL 1676136, at *16 (E.D.Pa. June 15, 2009) (rejecting petitioner's claim that his state sentence was excessive because "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds statutory limits"). Petitioner objected to the length of his sentence on direct appeal, and the superior court held that petitioner's sentence fell squarely within the applicable state sentencing guidelines and that computation of the sentence was based upon facts specific to the offenses for which he was convicted.FN2 Accordingly, this sentence was applied within the broad limits established by the Constitution, and petitioner's objections to the sentence length fail to raise a cognizable claim for federal habeas relief.

(Footnote omitted).

Thus, Petitioner Petrov's present habeas claims insofar as they are "based entirely on perceived errors in state law must dismissed with prejudice."  *Id*.(citations omitted).   We therefore agree with Respondent District Attorney and find that Petitioner's habeas claims that his sentencing should have been joined and that he should have been found eligible for Pennsylvania's RRRI program are without merit.

**VI.  Recommendation.**

We recommend that  Petitioner Petrov's Habeas Petition **(Doc. 1)** be dismissed without prejudice, to the extent it raises cognizable claims, to re-file it after he exhausts his state court remedies.  We also recommend, as discussed above, that Petitioner's instant claims which fail to state cognizable habeas claims, namely, Petitioner's habeas claims that are based entirely on perceived errors in state law**,** be dismissed with prejudice.


                                        s/Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

 **Dated: May 4, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BORIS M. PETROV,                          :      CIVIL ACTION NO. **1:CV-11-00357**
                                          :
                  Petitioner              :          (Judge Caldwell)
                                          :
           v.                             :       (Magistrate Judge Blewitt)
                                          :
JEROME W. WALSH,                          :
                                          :
                  Respondent              :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 4, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

27

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


 s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May 4, 2012