IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BORIS M. PETROV,  :
    Petitioner  :
      :
    v.  :  CIVIL NO. 1:11-CV-357
      :
JEROME W. WALSH, *et al.*,  :
    Respondents  :

*O R D E R*

The background of this order is as follows:

Presently before us is Magistrate Judge Blewitt's Report and Recommendation ("R&R") (Doc. 25), wherein Judge Blewitt recommends that we dismiss Petitioner's habeas petition (Doc. 1). He recommends dismissal of some claims with prejudice, on the basis that they fail to state cognizable habeas claims, and dismissal of other claims without prejudice to re-filing after exhaustion of state remedies. Also before us are Petitioner's objections to the R&R (Doc. 27).

In the underlying habeas petition, Petitioner's first claim alleges that the denial of his pre-trial motion to suppress was error, because the search of his house was unlawful under the Fourth Amendment, on the basis that the house was not searched pursuant to a search warrant or an exception to the warrant requirement. Magistrate Judge Blewitt recommends that we dismiss Petitioner's Fourth Amendment claim, because Petitioner had a full and fair opportunity to litigate this claim, and therefore cannot obtain habeas review of this issue. Petitioner objects to this recommendation, alleging that he lacked effective assistance of counsel, and that the judge who presided over his suppression hearing was corrupt. Upon review, we agree with Judge Blewitt's conclusion that Petitioner had a full and fair opportunity to litigate this claim, and we reject Petitioner's assertions to the contrary.

The second claim set forth in the habeas petition is a claim that Petitioner's counsel was ineffective for failing to provide a Russian interpreter. Despite Petitioner's conclusory assertions that his counsel was ineffective, and that the absence of an interpreter violated his due process rights, we find no merit to this claim. We agree with Judge Blewitt's reasoning and conclusion that Petitioner is not entitled to habeas relief on this claim.

Petitioner's third claim alleges that the trial court imposed an illegal sentence. Specifically, he argues that his sentence of 100 to 144 months imprisonment is improper, because the 100-month lower limit of this sentence exceeds "the maximum minimum allowed" in conjunction with an upper limit of 144 months. Finally, in the fourth claim of his habeas petition, Petitioner contends that his sentences should have run concurrently, and that he is eligible for Pennsylvania's Recidivism Risk Reduction Incentive Program.

We agree with Judge Blewitt's determination that Petitioner must exhaust state remedies before seeking habeas relief in this court, and that he failed to exhaust his third or fourth claim. We could, as Judge Blewitt recommends, dismiss these claims without prejudice on the basis of Petitioner's failure to exhaust.

However, Judge Blewitt also correctly noted that, to the extent that Petitioner's claims are based on errors under state law, and not violations of federal law, such claims are not appropriate grounds for habeas relief. We conclude that Petitioner's third and fourth claims allege errors under state law. Accordingly, we will dismiss them with prejudice, on the basis that they do not state cognizable habeas claims.[1]

---

[1] In light of this ruling, we need not address Petitioner's objection concerning the untimeliness of any claims we might require him to re-file in state court.

In sum, after independent review of the record, we find no merit to Petitioner's objections,[2] and we conclude that the R&R should be adopted in large part. However, rather than dismissing any portion of Petitioner's claims without prejudice, we conclude that it is appropriate to dismiss all of his claims with prejudice.

ACCORDINGLY, this 18th day of June, 2012, it is ORDERED as follows:

1. The R&R (Doc. 25) is approved, with the exception of the recommendation that some portion of the petition be dismissed without prejudice to re-filing after exhaustion of state court remedies.

2. The petition (Doc. 1), in its entirety, is dismissed with prejudice.

3. For the reasons set forth above, a certificate of appealability is denied.

4. The Clerk of Court is directed to close this case.

    /s/ William W. Caldwell
William W. Caldwell
United States District Judge

---

[2] We note that Petitioner's objections to the R&R also set forth a claim that, before trial, his counsel was ineffective for failing to discuss the government's plea offer with him. To raise this claim in the context of objections to the R&R is improper. This claim is not germane to our decision to accept or reject the R&R, and we need not address the merits of this claim at this juncture. Accordingly, we will disregard Petitioner's contentions on this subject.